## NATHAN E. GRAY

*v.*

## STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. NON-LIABILITY OF STATE—*when an award will be refused.* Claimant was employed as guard at the Southern Illinois Penitentiary and was injured by reason of the wilful negligence of one of the convicts. *Held,* that no award should be made.

2. RESPONDEAT SUPERIOR—*doctrine of does not apply to State.* The doctrine of *respondeat superior* is not applicable to the State, and the State in the absence of statute is not liable for the negligence of its servants.

3. JURISDICTION—*Act creating Court did not enlarge State's liability.* The Act creating the Court of Claims did not enlarge the liability of the State. (*O'Donnell v. State,* 1 C. of C. R., 255; *Schmidt v. State,* 1 C. of C. R., 76, cited by the Court.)

4. SAME—*when may allow claim.* The legislature is vested with the discretion to make allowances for the relief of individuals, whether a legal or equitable liability attaches or not, but the Court of Claims may only make an award when a legal or equitable liability is shown.

5. GOVERNMENTAL FUNCTION—*State in conducting penitentiary exercises.* The State in conducting the Southern Illinois Penitentiary exercises a governmental function.

Creighton and Thomas, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant was employed as keeper at the Southern Illinois Penitentiary, and on October 26, 1912, was in charge of about fifty prisoners who were working in and about the rock quarry and crusher. He received his injury near the crusher, which was at a point about 300 feet from where rock was being quarried; a track extended from the quarry to the crusher on an incline from the quarry and with a curve near the crusher. Cars loaded with stone from the quarry were run by gravity down the incline to the crusher. There were no brakes on these cars, but the speed was controlled by convicts riding on them, and using a board or gas

pipe which they would press against the wheels over the frame of the car. A man standing on the track at the point where claimant met his injury, could not see a car, because of the curve around the crusher, until it was about 30 feet from him. On the day in question, claimant was standing on the track in front of a car which had been dumped, when another car loaded with stone came down the incline without any one upon it, and collided with the standing car and caught the right leg of the claimant between the two cars, crushing it so that eventually it required amputation.

Two prisoners, Hodges and Wilson, had been in charge of the loaded car and, instead of waiting for a signal to start it, they brought it down the track, and as it came to the curve they jumped off, allowing it to collide with the other car. Over objection, a witness testified that a prisoner had told him, that he had remonstrated with Wilson over letting the car run wild, but that Wilson had said, that he would let it go and hit claimant, at the same time using an oath directed at claimant. Claimant was not in a position to see the car coming, and because of the noise made by the crusher could not hear it. Some one in the vicinity called to him, and he tried to get out of the way but could not. Claimant has been put to an expense of about $525.00.

Claimant in his brief refers to section 19, article 2, of the Constitution as sustaining his position, to the effect that "the declared public policy of the State of Illinois is that every citizen shall have redress under its laws for every wrong suffered or injury received by him."

As an abstract statement this is correct, but it is incumbent upon us to determine whether the wrong suffered or injury received by claimant in this case, is one for which the State of Illinois is in any way responsible.

Claimant refers us to the Act creating the Court of Claims, and has very ably argued to the effect that the

Act which creates this Court enlarges the liability of the State, and has referred us to numerous instances wherein the legislature has made appropriations for the relief of persons injured. On the other hand, the State defends on the theory that the State is not bound to respond in damages for torts of those whom it employs, and much less is it bound to respond in damages for torts committed by violators of the law who are committed to institutions of the State, and that the State, when acting in its sovereign capacity, is not responsible for wrongs perpetrated by its officers, agents or employees. This Court has repeatedly held, that the Court of Claims Act does not increase or enlarge the liability of the State, but provides only a forum wherein claims are to be heard and determined. As said in *O'Donnell* v. *State,* 1 C. of C. R., 255, cited by us with approval in *Taylor* v. *State,* October Term, 1913:

"We can allow claims against the State only in cases where by express statutory provision the legislature has created a liability on the part of the State for the acts of its agents; or rather, waived the exemption of the State from such liability."

In *Schmidt* v. *State,* 1 C. of C. R., 76, 79, 80, the then Commission of Claims, under the law creating it, which, however, was in that particular the same as the law creating the Court of Claims, said:

"The law creating this Commission does not undertake to create a new liability against the State but provides a method by which claims against the State may be heard before this Commission, and the claim rejected or an award made in favor of the claimant. The statute creating this Commission, after reciting the various classes of claims of which the Commission might have jurisdiction, among which may be said to be included claim of this petitioner, provides: 'And such Commission shall hear such claims according to its rules and established practice and determine the same according to the principles of equity and justice, except as otherwise provided in the laws of this State'."

As in the Schmidt case, so here:

"The point has been pressed in argument by counsel for claimant that the legislature would have the right in a case of this kind, in its discretion, to allow a reasonable sum to persons injured, making an appropriation for its payment, although the claim was, strictly speaking, neither a legal or equitable claim, and that the intent of the Act creating this Commission was to transfer to this Commission the same discretionary power that the legislature would have; or, in other words, that the Commission would be justified although believing the claim was neither an equitable or legal claim against the State, in its discretion to make an award against the State and in favor of claimant. To this proposition we cannot assent. It is our understanding that in the use of the language 'to determine the same according to the principles of equity and justice' is meant and used with a legal signification and that this Commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the legislature to leave it discretionary with the Commission to make an award in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State."

It is our opinion that the Commission in the *Schmidt case,* correctly stated the law and we are inclined to follow the opinion in that case herein.

That the legislature has the right to make awards for the relief of individuals, whether there be a legal or equitable liability or not, is undoubted, but the legislature has not given to us the power to make awards, excepting in such cases as there is legal or equitable liability on the State, and if it in its wisdom sees fit to make an award where there is no such liability, that fact cannot affect our judgment because we are called upon to determine only whether or not liability exists.

The State in conducting the Southern Illinois Penitentiary is exercising governmental function, and there is no statute wherein the State assumes responsibility for injuries received by employees at this institution, and in consequence, we must hold that the State is not liable. This accident happened prior to the adoption of the Workmen's Compensation Law and same was not considered herein.

For the purpose, however, of determining whether or not this claim should be rejected or under the power given us by the statute rejected without prejudice, we have considered the facts in the case as shown by the evidence. There is no defect of any kind alleged in any of the machinery, cars, track or anything else that caused or contributed to cause the injury complained of. The fact that there was no brake on the car in question is not complained of, and in fact claimant shows that just as effective a way was provided for checking the speed and stopping the car. Claimant was undoubtedly injured, as his own evidence shows, through the wilful act of a convict. Claimant himself was a keeper and had this particular convict under his charge. He knew the class of men he was dealing with, and he was there to control and manage them. Of course, a parallel case wherein one standing in the position of the State, who might not assert the defense of the exercise of governmental function, would be hard to find. The case is not the same as a foreman for a manufacturing concern, we will say, injured through the wilful act of an employee. The claimant himself here was guilty of no negligence; neither can it be said that the State was. The most that can be said for claimant is, that he was injured while in the service of the State, and that the policy of the State at the present time is to care for its injured employees, but, while the policy as expressed in laws of the present day would lead us to hesitate about rejecting this claim *in toto,* at the same time, it would not justify us in holding that anything should be allowed to claimant.

Claimant has not made out such a case as would entitle him to a judgment in a court of law against an employer under similar circumstances, nor has he, in our judgment, made out such case as should entitle him to an award in this Court.

The claim is accordingly rejected.